**UNITED STATES of America,**
**Appellee,**

v.

**Kristopher J. HARRIMAN,**
**Defendant–Appellant.**

**No. 06–1954–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Paul Van de Graaf, Assistant United States Attorney, for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

John Pacht, Hoff, Curtis, P.C., Burlington, VT, for Defendant–Appellant.

Present: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, Hon. PAUL A. CROTTY,* District Judge.

## SUMMARY ORDER

Harriman, who stands convicted upon a guilty plea of one count of firearm possession by a convicted felon (18 U.S.C. § 922(g)(1)), appeals from the part of the judgment of conviction entered in the United States District Court for the District of Vermont (Murtha, *J.*) that sentenced him to one hundred months' imprisonment, to be followed by three years' supervised release. Harriman submits that he is entitled to resentencing before a different judge on the ground that the government breached a post-plea proffer agreement. In that agreement, the government represented that information disclosed by Harriman would not be "used directly against him in a criminal prosecution or sentencing proceeding," but could be "used to rebut any evidence offered by or on behalf of [Harriman] that is inconsistent with the information provided to [the U.S. Attorney] in any prosecution brought against [Harriman]." We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we refer to only as necessary to explain our decision to affirm.

The appeal presents us with four possible issues: (1) whether Harriman preserved his breach argument for appeal; (2) whether the proffer agreement was in fact breached; (3) whether the district court was bound by the parties' agreement not to consider the challenged material in sentencing;[1] and (4) whether any error was harmless. We need not conclusively resolve the first three issues because, even if we were to rule in Harriman's favor on these points, we would conclude that the breach was harmless. The purportedly prejudicial information from the proffer session that the government included in its sentencing memorandum—specifically, that Harriman had traded guns for cocaine—was already before the district court, because the presentence investigation report summarized a codefendant's statements to the same effect and Harri-

---

* Hon. Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1. The issue is whether 18 U.S.C. § 3661 (enacted 1970) (stating that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence") renders the agreement unenforceable. *See United States v. Threw,* 861 F.2d 1046, 1050–51 & n. 3 (7th Cir.1988); *see also United States v. Williamsburg Check Cashing Corp.,* 905 F.2d 25, 28 (2d Cir.1990). Section 3661 "codifies the longstanding principle that sentencing courts have broad discretion to consider various kinds of information." *United States v. Watts,* 519 U.S. 148, 150, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). The statute permits a judge to consider any information she considers relevant to sentencing, by "removing typical "jury trial" evidentiary limitations." *United States v. Booker,* 543 U.S. 220, 249, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The policy is reflected in the Sentencing Guidelines Manual. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4. Because Harriman's proffer agreement postdated his guilty plea, the question of the enforceability of the agreement does not affect the validity of his plea.

man did not contest the presentence report. Any error committed by the district court therefore lacked "substantial and injurious effect" on the defendant. *United States v. Dukagjini,* 326 F.3d 45, 61–62 (2d Cir.2002); Fed.R.Crim.P. 52(a).